

**SEALED** / **REDACTED COPY**

FILED
JAN 20 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SA-20-CR-543-OLG

UNITED STATES OF AMERICA,

Plaintiff,

v.

[REDACTED]

FAUSTINO CAMPOS NAJERA (2),
GENARO ORTIZ, also known as "Carita" (3),
VICENTE RIVERA CENICEROS (4),
GUILLERMO BERMUDEZ OLIVARES (5),
RAFAEL PALACIOS SANCHEZ (7),
HERIBERTO DE LA GARZA SAUCEDO (8),

[REDACTED]

SALVADOR ELI LOZANO ALVARADO (10),
JOSE LUIS NAJERA, also known as "Chepe" (11),

[REDACTED]

SERGIO IVAN CUELLAR, also known as "Checo" (13),
GERARDO SOTO GOMEZ (14),
HOMERO DE LA GARZA (15),
and
NESTOR LOPEZ (16)

Defendants.

SUPERSEDING INDICTMENT

COUNT I: Title 21, U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A) - Conspiracy to Possess with intent to Distribute (Methamphetamine)

COUNT II: Title 21, U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A) - Conspiracy to Possess with intent to Distribute (Cocaine)

COUNT III: Title 21, U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A) - Conspiracy to Possess with intent to Distribute (Heroin)

COUNT IV: Title 21, U.S.C. §§ 841(a)(1) & 841(b)(1)(c), 18 U.S.C. § 2 - Possession with intent to Distribute (Cocaine), and Aiding and Abetting

COUNT V: Title 21, U.S.C. §§ 841(a)(1) & 841(b)(1)(A) - Possession with intent to Distribute (Methamphetamine)

COUNT VI: Title 21, U.S.C. §§ 841(a)(1) & 841(b)(1)(A) - Possession with intent to Distribute (Methamphetamine)

COUNT VII: Title 21, U.S.C. §§ 841(a)(1) & 841(b)(1)(A), 18 U.S.C. § 2 - Possession with intent to Distribute (Methamphetamine), and Aiding and Abetting

COUNT VIII: Title 21, U.S.C. §§ 841(a)(1) & 841(b)(1)(A), 18 U.S.C. § 2 - Possession with intent to Distribute (Methamphetamine), and Aiding and Abetting

COUNT IX: Title 21, U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A), 18 U.S.C. § 2 - Attempted Possession with intent to

Distribute (Cocaine), and Aiding and Abetting

COUNT X: Title 21, U.S.C. §§ 841(a)(1) & 841(b)(1)(A), 18 U.S.C. § 2 - Possession with intent to Distribute (Methamphetamine), and Aiding and Abetting

COUNT XI: Title 21, U.S.C. §§ 846 and 841(a)(1) & 841(b)(1)(A), 18 U.S.C. § 2 - Attempted Possession with intent to Distribute (Methamphetamine), and Aiding and Abetting

COUNT XII: Title 21, U.S.C. §§ 846 and 841(a)(1) & 841(b)(1)(A), 18 U.S.C. § 2 - Attempted Possession with intent to Distribute (Heroin), and Aiding and Abetting

COUNT XIII: Title 21, U.S.C. §§ 846 and 841(a)(1) & 841(b)(1)(A), 18 U.S.C. § 2 - Attempted Possession with intent to Distribute (Cocaine), and Aiding and Abetting

COUNT XIV: Title 18 U.S.C. §§ 1956(a)(2)(B)(i) and 1956(h) – Laundering of Monetary Instruments Conspiracy

THE GRAND JURY CHARGES:

## COUNT ONE
[21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)]

Beginning on or about October 2019, the exact date unknown, and continuing until the date of this indictment, in the Western District of Texas, Defendants,

**FAUSTINO CAMPOS NAJERA (2),**
**GENARO ORTIZ, also known as "Carita" (3),**
**VICENTE RIVERA CENICEROS (4),**
**GUILLERMO BERMUDEZ OLIVARES (5),**
**RAFAEL PALACIOS SANCHEZ (7),**

HERIBERTO DE LA GARZA SAUCEDO (8),
JOSE LUIS NAJERA, also known as "Chepe" (11),

SERGIO IVAN CUELLAR, also known as "Checo" (13),
and
HOMERO DE LA GARZA (15),

knowingly and intentionally conspired, combined, confederated, and agreed together, and with each other, and with others, to commit the following offenses against the United States: to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(A). All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
[21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)]

Beginning on or about October 2019, the exact date unknown, and continuing until the date of this indictment, in the Western District of Texas, Defendants,

FAUSTINO CAMPOS NAJERA (2),
GENARO ORTIZ, also known as "Carita" (3),
VICENTE RIVERA CENICEROS (4),
GUILLERMO BERMUDEZ OLIVARES (5),
RAFAEL PALACIOS SANCHEZ (7),

SALVADOR ELI LOZANO ALVARADO (10),
JOSE LUIS NAJERA, also known as "Chepe" (11),

GERARDO SOTO GOMEZ (14),
and
NESTOR LOPEZ (16)

knowingly and intentionally conspired, combined, confederated, and agreed together, and with each other, and with others, to commit the following offenses against the United States: to distribute a controlled substance, which offense involved 5 kilograms or more of a mixture or

3

substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(A). All in violation of Title 21, United States Code, Section 846.

### COUNT THREE
### [21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)]

Beginning on or about October 2019, the exact date unknown, and continuing until the date of this indictment, in the Western District of Texas, Defendants,

**GENARO ORTIZ, also known as "Carita" (3),**
**and**
**RAFAEL PALACIOS SANCHEZ (7),**

knowingly and intentionally conspired, combined, confederated, and agreed together, and with each other, and with others, to commit the following offenses against the United States: to distribute a controlled substance, which offense involved 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(A). All in violation of Title 21, United States Code, Section 846.

### COUNT FOUR
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) and 18 U.S.C. § 2]

That on or about November 22, 2019, in the Western District of Texas, Defendant,

**VICENTE RIVERA CENICEROS (4),**

aided and abetted by others, did knowingly, intentionally and unlawfully possess with the intent to distribute, a controlled substance, which offense involved a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.

## COUNT FIVE
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)]

That on or about December 6, 2019, in the Western District of Texas, Defendant,

**GUILLERMO BERMUDEZ OLIVARES (5),**

did knowingly, intentionally and unlawfully possess with the intent to distribute, a controlled substance, which offense involved 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SIX
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)]

That on or about February 12, 2020, in the Western District of Texas, Defendant,

**GUILLERMO BERMUDEZ OLIVARES (5),**

did knowingly, intentionally and unlawfully possess with the intent to distribute, a controlled substance, which offense involved 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SEVEN
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A) and 18 U.S.C. § 2]

That on or about March 6, 2020, in the Western District of Texas, Defendants,

**FAUSTINO CAMPOS NAJERA (2),
GENARO ORTIZ, also known as "Carita" (3),
VICENTE RIVERA CENICEROS (4),
and
JOSE LUIS NAJERA, also known as "Chepe" (11)**

aided and abetted by each other, did knowingly, intentionally and unlawfully possess with the intent to distribute, a controlled substance, which offense involved 500 grams or more of a mixture

5

or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2.

## COUNT EIGHT
[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A) and 18 U.S.C. § 2]

That on or about March 23, 2020, in the Western District of Texas, Defendants,

**VICENTE RIVERA CENICEROS (4),
SERGIO IVAN CUELLAR, also known as "Checo" (13),
and
HOMERO DE LA GARZA (15),**

aided and abetted by each other, did knowingly, intentionally and unlawfully possess with the intent to distribute, a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2.

## COUNT NINE
[21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A) and 18 U.S.C. § 2]

That on or about March 30, 2020, in the Western District of Texas, Defendant,

**FAUSTINO CAMPOS NAJERA (2),**

aided and abetted by others, did knowingly, intentionally and unlawfully attempt to possess with the intent to distribute, a controlled substance, which offense involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. All in violation Title 21, United States Code, Section 846.

## COUNT TEN
**[21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A) and 18 U.S.C. § 2]**

That on or about April 28, 2020, in the Western District of Texas, Defendants,

**FAUSTINO CAMPOS NAJERA (2),
GENARO ORTIZ, also known as "Carits" (3)
HERIBERTO DE LA GARZA SAUCEDO (8)
and
JOSE LUIS NAJERA, also known as "Chepe" (11),**

aided and abetted by each other, did knowingly, intentionally and unlawfully possess with the intent to distribute, a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2.

## COUNT ELEVEN
**[21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A) and 18 U.S.C. § 2]**

That on or about June 29, 2020, in the Western District of Texas, Defendant,

**GENARO ORTIZ, also known as "Carita" (3),**

aided and abetted by others, did knowingly, intentionally and unlawfully attempt to possess with the intent to distribute, a controlled substance, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. All in violation of Title 21, United States Code, Section 846.

## COUNT TWELVE
**[21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A) and 18 U.S.C. § 2]**

That on or about June 29, 2020, in the Western District of Texas, Defendant,

**GENARO ORTIZ, also known as "Carita" (3),**

aided and abetted by others, did knowingly, intentionally and unlawfully attempt to possess with the intent to distribute, a controlled substance, which offense involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. All in violation of Title 21, United States Code, Section 846.

## COUNT THIRTEEN
### [21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A) and 18 U.S.C. § 2]

That on or about June 29, 2020, in the Western District of Texas, Defendant,

### GENARO ORTIZ, also known as "Carita" (3),

aided and abetted by others, did knowingly, intentionally and unlawfully attempt to possess with the intent to distribute, a controlled substance, which offense involved 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. All in violation of Title 21, United States Code, Section 846.

## COUNT FOURTEEN
### [18 U.S.C. §§ 1956(a)(2)(B)(i) and 1956(h)]

Beginning on or about October 2019, the exact date unknown, and continuing until the date of this indictment, in the Western District of Texas, Defendants,

**FAUSTINO CAMPOS NAJERA (2),
GENARO ORTIZ, also known as "Carita" (3),
RAFAEL PALACIOS SANCHEZ (7),
HERIBERTO DE LA GARZA SAUCEDO (8),
and
JOSE LUIS NAJERA, also known as "Chepe" (11)**

did knowingly conspire with others known and unknown to the Grand Jury to transport, transmit and transfer, and attempt to transport, transmit and transfer monetary instruments and funds from

8

a place in the United States to or through a place outside the United States, knowing that the monetary instrument and funds involved represented the proceeds of a specified unlawful activity, to-wit: drug trafficking violations of Title 21, United States Code, Sections 846 and 841(a)(1), knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 1956(h).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed.R.Crim.P. 32.2]

### I.
### Drug Violations and Forfeiture Statutes
[Title 21 USC §§ 846, 841(a)(1), and (b)(1)(A), subject to forfeiture pursuant to Title 21 USC § 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth in Counts One through Thirteen, the United States of America gives notice to Defendants of its intent to seek the forfeiture of the properties described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which states:

> **Title 21 U.S.C. § 853. Criminal forfeitures**
> **(a) Property subject to criminal forfeitures.**
> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law.--
>> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; . . .

## II.
## Money Laundering Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 1956(a)(2)(B)(i) and 1956(h), subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violations set forth in Count Fourteen, the United States of America gives notice to Defendants of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982(a)(1), which states:

**Title 18 U.S.C. § 982. Criminal forfeiture**
(a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section 1956... of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture includes, but is not limited to the following properties described in Paragraphs III-VII.

## III.
## Real Properties

1. Real Property located and situated at **538 Pharis, San Antonio, Bexar County, Texas**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

   LOT 7, BLOCK 11, NEW CITY BLOCK 12327, ARROYO VISTA SUBDIVISION, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 9562, PAGES 5-6, AMENDED IN VOLUME 9566, PAGES 117-118, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS.

2. Real Property located and situated at **3054 Beacon Field, San Antonio, Bexar County, Texas**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

   LOT 14, BLOCK 13, HERITAGE PARK SUBDIVISION, UNIT 8, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 9511, PAGES 148-149, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

## IV.
## Firearms

1. Glock 26, 9mm, Serial Number: ENH240;
2. Browning 9mm, Serial Number: 511ZW50243;
3. Beretta AL 391 Urika 12 gauge shotgun, Serial Number: AA418582;
4. Bolt action rifle Weatherby MK5, 7mm, Magnum, Serial Number: H108244;
5. Colt MK IV Series 80, 380 handgun, Serial Number: RC38870;
6. Bushmaster XM15 Carbine Rifle; Serial Number: L477540;
7. Springfield Armory, Model XD-9, 9mm, Serial Number: XD895888;
8. Mossberg Rifle, Model Patriot, 30-60 caliber, Serial Number: MPR0251740;
9. Stevens Rifle, Model 320, 20 gauge, Serial Number: 208728G;
10. Taurus TCP pistol, .380 caliber, Serial Number: PT738
11. North American Arms LTD 22 caliber revolver – 5 round chamber, Serial Number: BLL201; and
12. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offenses.

## V.
## Currency

1. $9,560.00, More or Less, in U.S. Currency seized at 538 Pharis Street;
2. $650.00, More or Less, in U.S. Currency seized at 302 Hermitage;
3. $3,000.00, More or Less, in U.S. Currency seized at 4150 Barrington Street;
4. $15,346.00, More or Less, in U.S. Currency seized at 419 Rosehill Drive; and
5. $1,700.00, More or Less, in U.S. Currency seized at 118 Maple Valley.

## VI.
## Vehicles

1. 2012 Dodge Ram 3500, Vin# 3C63DRGL2CG345494, seized from Faustino Campos Najera (2);
2. 2007 4-Star Horse Trailer with Living Quarters, Vin# 4FKPG302570027305, seized from ■■■■■■■■■■
3. 2015 Chevrolet Silverado 2500, Vin# 1GC1KXE82FF598314, seized from Vicente Rivera Ceniceros (4); and
4. 2015 Dodge Ram 3500, Vin# 3C63RRNL4FG661827, seized from Guillermo Bermudez Olivares (5).

11

## VII.
## Personal Properties

1. Counterfeit currency in the amount of $80.00, more or less;
2. Counterfeit currency in the amount of $60.00, more or less;
3. Knife set with 3 blades and case; and
4. Digital pocket scale.

A TRUE BILL.

_____
FOREPERSON OF THE GRAND JURY

GREGG N. SOFER
UNITED STATES ATTORNEY

BY: _____
ADRIAN ROSALES
Assistant United States Attorney